UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:12-cv-24480-JLK

ANGEL E. ABASCAL,

    Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT, LLC

    Defendant.
_____/

**DEFENDANT, FOCUS RECEIVABLES MANAGEMENT, LLC'S,
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC (Focus), through counsel and under the Federal Rules of Civil Procedure, files this Answer and Affirmative Defenses to the Amended Complaint filed by plaintiff, Angel E. Abascal (Plaintiff), and states:

1. Focus admits plaintiff purports to bring this action for alleged violations of the FDCPA and TCPA, but denies any violations, liability, or wrongdoing under the law. Except as specifically admitted, Focus denies the allegations in ¶ 1.

**JURISDICTION AND VENUE**

2. Admitted.

**PARTIES**

3. Denied for lack of knowledge and information to form a reasonable belief therein.

4. Admitted.

5. Admitted.

6. Admitted.

7. Focus admits that it is a debt collector as defined by the FDCPA when it engages in activities governed by the FDCPA.

8. Admitted.

## FACTUAL ALLEGATIONS

9. Denied for lack of knowledge or information sufficient to form a belief therein.

10. Denied. Focus admits it called and left a message, but the transcript of the message as alleged in para. 10 is not reflective of the full message, which contains all requisite disclosures.

11. Denied.

12. Denied.

13. Denied.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

14. Focus incorporates the foregoing as if fully stated herein.

15. Denied.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

16. Focus incorporates the foregoing as if fully stated herein.

17. Denied.

**FOCUS'S AFFIRMATIVE DEFENSES**

1. In re the FDCPA claim, Focus disclosed its identity in its messages; the transcript of the message in the complaint is not reflective of the message Focus actually left.

2. In re the FDCPA claim, even if the message was cut off and did not contain all identification information, Plaintiff knew who was calling and why. As such, there is no liability, and even if there was, no damages.

3. In re the FDCPA claim, any violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

4. In re the TCPA claim, Focus never called Plaintiff's wireless a/k/a mobile a/k/a cellular phone number.

5. In re the TCPA claim, even if Focus did call Plaintiff's wireless a/k/a mobile a/k/a cellular phone number, it had Plaintiff's consent to do so via Plaintiff's providing the number to the creditor. As such, Plaintiff's claims are barred by estoppel, waiver, consent, and/or assumption of risk.

6. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Focus and were beyond the control or supervision of Focus or for whom Focus was and is not responsible or liable.

7. Plaintiff has failed to state a claim against Focus upon which relief may be granted.

WHEREFORE, Defendant, Focus Receivables Management, LLC, requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully Submitted,

/s/ Kenneth C. Grace
Kenneth C. Grace, Esq.
Florida Bar No. 0658464
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
Rachel A. Morris, Esq.
Florida Bar No. 0091498
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone:   (813) 890-2465
Facsimile:    (866) 466-3140
kgrace@sessions-law.biz
dvanhoose@sessions-law.biz
rmorris@sessions-law.biz

Attorneys for Defendant,
Focus Receivables Management, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February 2013, a copy of the foregoing was served electronically via CM/ECF on the following:

Donald A. Yarbrough
Post Office Box 11842
Fort Lauderdale, FL 33339

/s/ Kenneth C. Grace
Attorney